**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


CUC PROPERTIES, LLC.                           CASE NO.  1:12cv71

        Plaintiff                                    Judge Michael R. Barrett

  -vs-

1680 CARILLON, LLC.

        Defendant


## OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order.  (Doc. 3.)  Defendant 1680 Carillon has filed a Response in Opposition.  (Doc. 5.) The Court held an telephone hearing on this matter on February 1, 2012.

This action was removed from the Court of Common Pleas for Hamilton County, Ohio based on diversity.  28 U.S.C. § 1332.  In the Complaint, Plaintiff claims breach of contract and seeks the reformation of a real estate contract between the parties.  In its motion, Plaintiff seeks a restraining order compelling Defendant to escrow $220,000 pending the outcome of this case.

### FACTS

On or about May 31, 2011, Brennan Investment Group, LLC ("Brennan"), as purchaser, and Plaintiff, CUC Properties, LLC, as seller, entered into a Purchase and Sale Agreement (the "Agreement").  The Agreement concerned the sale of property known as 1680 Carillon Boulevard, Forest Park, Hamilton County, Ohio (the "Property").

1

Thereafter, from June 30, 2011, through October 14, 2011, CUC and Brennan entered into four Amendments to the Agreement. (Doc. 2, ¶ 5).

The Agreement provided that the Purchaser could assign the contract to any related entity. (Doc. 2, Ex. 1, ¶ 19). The original purchaser, Brennan, assigned all of its rights to title and interest under the Agreement to Defendant. (Doc. 2, ¶ 6).

Paragraph 14(c) of the Agreement contains the following clause relating to tax proration:

> Seller shall be responsible for the payment of all real estate taxes and special assessments attributable to the Property and due and payable on or before the Closing Date. At Closing, real estate taxes shall be prorated on an accrual basis based upon 105% of the most recently ascertainable tax bills, such that Seller shall be responsible for the real estate taxes not yet due and payable but which have accrued during the period Seller owned the Property.

(Doc. 2, Ex. 1, ¶14(c)). This paragraph protects purchaser in the event real estate taxes have accrued during the seller's ownership of the property. The calculations of the tax proration under Paragraph 14(c) of the contract do not seem to be in dispute.

The closing occurred on October 14, 2011. The Settlement Statement provides for "Proration(s) - Off-set(s)" including county tax proration, rent proration and survey credit. (Doc. 2, Ex. 3.) Pursuant to the Settlement Statement, Defendant received a credit of $185,978.36 relating to "county tax proration 01/01/11 to 10/14/11 (286 days)." This language appears to be inconsistent with Paragraph 14(c) of the contract. Paragraph 14(c) was included in the original Agreement and was not altered or changed by any of the subsequent amendments.

2

**ANALYSIS**

Under Federal Rule of Civil Procedure 65, injunctive relief is an extraordinary remedy whose purpose is to preserve the *status quo.* In when determining whether to grant or deny a temporary restraining order or a preliminary injunction, this Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Chabad of S. Oh. & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp., 110 F.3d 318, 322 (6th Cir. 1997)); *Michigan State AFL-CIO v.Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997). The foregoing factors are not prerequisites, but rather are factors which the Court should balance. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

"In Ohio, the essential elements of a cause of action for breach of contract are: 1) the existence of an enforceable contract; 2) the performance (or excuse from performance) of the contractual obligations by the party seeking relief; 3) breach or failure to fulfill contractual obligations by the other party; and 4) damages suffered by the party seeking relief as a result of the breach." *Belcher v. Ohio Dept. of Human*

3

*Services*, 48 F.Supp.2d 729, 738 (S.D.Ohio 1999) (citing Garofalo v. Chicago Title Ins. *Co.*, 661 N.E.2d 218 (Ohio App. 1995)).

The apparent conflict between Paragraph 14(c) of the Agreement and the tax credit received by the Buyer at the closing as set forth on the Settlement Statement alone does not demonstrate the likelihood of success on the merits. On the surface, it appears that Defendant obtained a windfall credit against the purchase price. However, as both parties negotiated this arms length transaction, the Court cannot say there were mutual mistakes based upon the current state of the record.

Plaintiff seeks a return of the monies that allegedly resulted in the unjust enrichment of Defendant. As a general rule, "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (citing Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984)). However, Plaintiff claims that, due to their understanding of Defendant's financial structure, an escrow of the monthly rent is needed to ensure collection on their potential judgment. Again, at this juncture, the record is not developed sufficiently for the Court to accept this proposition. It is not uncommon for a real estate transaction to be structured so that the presence of tenants is a necessary component. Defendant maintains that collection of the rent is necessary for the servicing of the loan. This argument suggests that without the utilization of rental proceeds the project would go into foreclosure and therefore would cause harm to Defendant. Therefore, it is questionable whether the public interest is served by

attempting to enforce a legal position with an uncertain outcome and jeopardize yet another deal in the fragile real estate market.

Therefore, while no one factor is determinative of this issue, the balancing of the equities weighs against the issuance of a restraining order at this time. Accordingly, Plaintiff's Motion for Temporary Restraining Order (Doc. 3.) is **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
MICHAEL R. BARRETT, Judge
United States District Court