UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CUC Properties, LLC,

    Plaintiff,

v.                          Case No. 1:12cv71

1680 Carillon, LLC,           Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 8) and Plaintiff's Motion to Amend (Doc. 13). Both Motions have been fully briefed. (Docs. 10, 11, 15, 16.)

## I.    BACKGROUND

Plaintiff brings this action to recover from a breach of contract, mutual mistake and unjust enrichment in a real estate transaction. The following alleged facts are taken from Plaintiff's complaint.

Plaintiff, CUC Properties, LLC ("CUC") is an Ohio limited liability company with a principal place of business in Hamilton County, Ohio. (Doc. 2, ¶ 1). Defendant 1680 Carillon, LLC ("1680 Carillon") is a single-purpose limited liability company that does business in Hamilton County, Ohio, and is owned and controlled by Brennan Investment Group, LLC ("Brennan"), an Illinois limited liability company. (Id., ¶ 2).

On May 31, 2011, Plaintiff and Brennan entered into a Real Estate Purchase and Sale Agreement ("Agreement"). From June 30, 2011 through October 14, 2011, CUC and

Brennan entered into a series of Amendments to the Agreement. (Id., ¶ 5). Immediately prior to the closing on October 14, 2011, Brennan assigned all of its rights to title and interest to Defendant. (Id., ¶ 6).

At the closing, the Settlement Statement provided that Defendant was to receive a credit for $185,978.36, which was the amount of the real estate taxes to be paid in January and July of 2012. However, the tenant of the property was obligated to pay this expense under a separate lease agreement. (Id., ¶ 9). Plaintiff claims that this crediting this amount to Defendant was the result of a mutual mistake.

## II. ANALYSIS

### A. Applicable Standards

#### 1. Motion to Dismiss under Rule 12(b)(6)

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### 2. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a Court "should freely give leave [to amend] when justice so requires." A motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010) *cert. denied*, 131 S. Ct. 220 (2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### B. Breach of Contract

There is no dispute between the parties that Ohio law governs Plaintiff's breach of contract claim. In Ohio, the essential elements of a cause of action for breach of contract are: (1) the existence of an enforceable contract; (2) the performance (or excuse from performance) of the contractual obligations by the party seeking relief; (3) breach or failure to fulfill contractual obligations by the other party, and (4) damages suffered by the party seeking relief as a result of the breach. *Belcher v. Ohio Dept. of Human Services*, 48 F. Supp.2d 729, (S.D. Ohio 1999) (citing Garafalo v. Chicago Title Ins. Co., 661 N.E.2d 218 (Ohio App. 1995)).

Defendant contends that Plaintiff makes no specific allegations as to how Defendant failed to perform under the Agreement. Defendant argues that there has not been a breach because both parties fulfilled the terms of the Agreement.

In the Complaint, Plaintiff alleges that Defendant breached the Agreement by failing

-3-

to refund the $185,978.36 credit. In other words, Defendant was obligated to pay the full purchase price, without any credits for real estate taxes. The Court concludes that the Complaint alleges factual allegations sufficient to support a claim for breach of contract. Therefore, Defendant's Motion to Dismiss Plaintiff's breach of contract claim is DENIED.

### C. Mutual Mistake

Defendant argues that Plaintiff has not alleged its claim of mutual mistake with sufficient particularity.

When a plaintiff alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff "to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012) (citing Bennett v. MIS Corp., 607 F.3d 1076, 1091 (6th Cir. 2010)). However, as the Sixth Circuit has explained:

> this court has held that "[i]t is a principle of basic fairness that a plaintiff should have an opportunity to flesh out her claim through evidence unturned in discovery. Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). "Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control." *Id.*

*Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012).

In the Complaint, Plaintiff alleges that the inclusion of Paragraph 14(c) was a mistake. That paragraph provides:

> Seller shall be responsible for the payment of all real estate taxes and


> special assessments attributable to the Property and due and payable on or before the Closing Date. At Closing, real estate taxes shall be prorated on an accrual basis based upon 105% of the most recently ascertainable tax bills, such that Seller shall be responsible for the real estate taxes not yet due and payable but which have accrued during the period the Seller owned the property.

Plaintiff also alleges that at the closing on October 14, 2011, Defendant received a credit in the amount of $185,978.36 for real estate taxes to which Defendant was not entitled. Because Plaintiff states with particularity the circumstances constituting the mistake with regard to the real estate tax credit, the pleading requirements of Rule 9 have been satisfied. Thus, the mutual mistake claim is not dismissed on this basis.

Next, Defendant argues that there is no mutual mistake because the purpose of the contract is to sell land, which was accomplished. Defendant argues that the tax proration is not a material term of the contract which would defeat the contract or frustrate the goal of the parties.

Under Ohio law, the doctrine of mutual mistake is "a ground for the rescission of a contract under certain circumstances." *Reilley v. Richards*, 632 N.E.2d 507, 508 (Ohio 1994). As the Ohio Supreme Court has explained:

> In *Irwin v. Wilson* (1887), 45 Ohio St. 426, 15 N.E. 209, we held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is "a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances." 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake.

*Id.* at 509. In addition, in Ohio, a payment made under a mutual mistake of fact may be recovered by the payor. *Firestone Tire & Rubber Co. v. Cent. Nat. Bank of Cleveland*, 112

N.E.2d 636, 642 (Ohio 1953) ("The general rule is, subject to exceptions hereinafter noted, that money paid under the mistaken supposition of the existence of a specific fact which would entitle the payee to the money, which money would not have been paid had it been known to the payer that the fact did not exist, may be recovered.").

The Court notes that even if the tax proration provision was not a material term of the contract, the amount of the purchase price was. The deduction of the tax credit had an effect on the amount Defendant paid to Plaintiff for the property. Therefore, by alleging that there was a mistake as to this term, Plaintiff has sufficiently alleged a claim based upon mutual mistake. Therefore, Defendant's Motion to Dismiss Plaintiff's claim of mutual mistake is DENIED.

### D. Good Faith and Fair Dealing

Defendant argues that breach of good faith and fair dealing is not an independent cause of action, and therefore this claim should be dismissed. "Ohio law . . . . imposes an implied duty of good faith on parties to any contract." *Wendy's Int'l, Inc. v. Saverin*, 337 F. App'x 471, 476 (6th Cir. 2009) (citing Ed Schory & Sons, Inc. v. Francis, 662 N.E.2d 1074, 1082-83 (1996)). However, the duty does not create an independent basis for a cause of action. *Id.* (citing Thomasville Furniture Indus., Inc. v. JGR Inc., 3 Fed.Appx. 467, 472 (6th Cir. 2001)). Instead, a claim of breach of good faith and fair dealing is "inextricably connected with the contract on which it is based." *Sinclair v. Donovan*, 1:11-cv-10, 2011 WL 5326093, *10 (S.D. Ohio Nov. 4, 2011). Because this Court has not dismissed Plaintiff's breach of contract claim, Plaintiff's claim of breach of good faith and fair dealing also remains. *Accord Sinclair*, 2011 WL 5326093, at *10 (rejecting dismissal of ancillary claim for breach of good faith and fair dealing where breach of contract claim

will proceed). Therefore, Defendant's Motion to Dismiss Plaintiff's claim of good faith and fair dealing is DENIED.

### E. Unjust Enrichment

Defendant argues that Plaintiff is barred from asserting unjust enrichment when an express contract exists.

"Ohio law does not permit recovery under a theory of unjust enrichment where an express contract governs." *Randolph v. New England Mut. Life Ins.*, 526 F.2d 1383, 1387 (6th Cir. 1975); *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 750 F. Supp. 2d 839, 849 (N.D. Ohio 2010). Nevertheless, courts have held that when a contract contains contradictory language, the court will not dismiss the unjust enrichment claim at the pleading stage. *Astar Abatement, Inc. v. Cincinnati City Sch. Dist. Bd. of Educ.*, 1:11-CV-587, 2012 WL 481799 (S.D. Ohio Feb. 14, 2012). Because the Agreement is contradictory with respect to the Section 13 dealing with credits, and Section 14, dealing with tax proration, the Court finds this language to be contradictory in nature and the unjust enrichment claim will not be dismissed.

### F. Unilateral Mistake

In its Motion for Leave to Amend Complaint, Plaintiff seeks to add unilateral mistake as an alternative claim for recovery. Defendant responds that Plaintiff's delay in bringing this claim will cause it prejudice.

The Sixth Circuit has explained that "[i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing

a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

Here, while the parties have begun paper discovery and depositions, that process is not complete. The Court has extended the date of the trial in this matter, and therefore any potential prejudice to Defendant has been minimized. Accordingly, Plaintiff's Motion for Leave to Amend is GRANTED.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 8) is **DENIED**. Plaintiff's Motion to Amend (Doc. 13) is **GRANTED**. Plaintiff shall file its Amended Complaint within **seven (7) days** of entry of this Order.

**IT IS SO ORDERED.**

                                            */s/ Michael R, Barrett*
                                            Michael R. Barrett
                                            United States District Judge